

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00367-CR

**EX PARTE** Denise **McVEA**

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2025-CR-009185
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: July 1, 2026

DISMISSED FOR LACK OF JURISDICTION

We have jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). No statute authorizes an interlocutory appeal of an order denying a motion to dismiss for violation of speedy trial rights, which is available only after a final judgment. *See Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex. Crim. App. 1979). In addition, "[n]o appeal lies from the refusal to issue a writ of habeas corpus unless the trial court rules on the merits of the application." *Ex parte Young*, 257 S.W.3d 276, 277 (Tex. App.—Beaumont 2008, no pet.). If the record shows that the trial court heard evidence and addressed the merits of the application, the

result is appealable. *Ex parte Sifuentes*, 639 S.W.3d 842, 846 (Tex. App.—San Antonio 2022, pet. ref'd).

Denise McVea filed a notice of appeal stating she seeks to appeal the trial court's denials of her motion to dismiss for lack of a speedy trial and her applications for habeas corpus filed under article 17.151 of the Texas Code of Criminal Procedure. The clerk's record and the reporter's record from the pre-trial hearing have been filed. The clerk's record does not contain any written orders ruling on McVea's speedy trial motion or her habeas corpus applications. The reporter's record shows the trial court orally denied McVea's speedy trial motion. It also shows the trial court heard no evidence on and did not address the merits of McVea's pre-trial habeas corpus applications.

We ordered McVea to show cause on or before June 16, 2026, why this appeal should not be dismissed for lack of jurisdiction. McVea filed a document that we construe as a response, but it does not demonstrate our jurisdiction over this appeal. Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH